## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLIANT TECHSYSTEMS, INC., | Civil No. 04-3539 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| TRACY C. MARKS and IRWIN BANK & TRUST, | |
| Defendants. | |

Anthony R. Battles, **KELLY HANNAFORD & BATTLES P.A.**, 222 South Ninth Street, Suite 3900, Minneapolis, MN 55402, for plaintiff.

Denise Y. Tataryn, **MANSFIELD, TANICK & COHEN, P.A.**, 1700 U.S. Bank Plaza South, 220 South Sixth Street, Minneapolis, MN 55402, for defendant Tracy Marks.

Katherine L. MacKinnon, **LAW OFFICE**, 3744 Huntington Avenue, St. Louis Park, MN 55416, for defendant Irwin Bank & Trust.

Plaintiff Alliant Techsystems, Inc. ("ATK") filed this interpleader action against two defendants with competing claims to the proceeds to a 401(k) plan[1] owned by Lester James Marier, Jr. ("Jim") as part of an employee benefit plan. Jim's mother, Rose, whose estate is now administered by Irwin Bank & Trust, was listed as the primary beneficiary on a designation form dated December 2000. Jim's former step-daughter, Tracy Marks,

---

[1] The plan is administered by ATK through the ATK Retirement Services Center at Fidelity ("Fidelity"). Fidelity is a directed record keeper providing administrative and recordkeeping services to the plan.

was listed as the secondary beneficiary.[2]  In September 2002, Jim submitted a new designation form, listing Tracy as the only beneficiary.  However, because the form did not describe the relationship between Jim and Tracy and, in fact, had whiteout over the space for listing that relationship, Fidelity marked the form "Not In Good Order" ("NIGO") and returned it to Jim on October 23, 2002 with instructions to submit a new, correct form.  Jim did not submit a new form.  On December 26, 2002, however, Jim called Fidelity to confirm his designation and was informed that Tracy was the only beneficiary. Jim died after a long struggle with a brain tumor on September 25, 2003. Irwin Bank & Trust asserts that the 2002 form was not effective, and that Rose, therefore, remains the beneficiary.  Tracy asserts that the form was effective, and that, therefore, she is the beneficiary.  Irwin Bank & Trust and Tracy both move for summary judgment.

**I.      Standard of Review**

Generally, "a reviewing court should apply a de novo standard of review unless the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan" and the administrator in fact exercises that authority.  *Nat'l Auto. Dealers & Assocs. Ret. Trust v. Arbeitman*, 89 F.3d 496, 498 (8th Cir. 1996) (internal quotation and citations omitted).  In this case, the plan permits ATK to make such determinations.  ATK, through Fidelity, initially indicated that it had determined that Rose was the beneficiary, but then reversed itself and determined that Tracy was the beneficiary.  On Rose's appeal of the second decision,

---

[2] Tracy's mother, Katie or Kathleen, was married to Jim for 12 years, from January 1988 through October 2000.  During the marriage, Tracy was an adult and did not live with Jim and Katie.

rather than make a final determination, ATK commenced this interpleader action. Commencement of the interpleader action effectively negates any exercise of ATK's discretionary authority and, therefore, the Court's will review the determination *de novo*.

## II. Compliance

The plan states:

> 7.4.1 Right to Designate. Each Participant may designate, upon forms to be furnished by and filed with the PRC or its designee, one or more primary Beneficiaries or alternative Beneficiaries to receive all or a specified part of the Participant's Vested Total Account in the event of the Participant's death. The Participant may change or revoke any such designation from time to time without notice to or consent from any Beneficiary or spouse. No such designation, change or revocation shall be effective unless executed by the Participant and received by the PRC or its designee during the Participant's lifetime.

The Employment Retirement Income Security Act (ERISA) requires that plans be set forth in a formal, written document, 29 U.S.C. § 1102, and that the written plan be strictly adhered to. *See United Paperworkers Int'l Union v. Jefferson Smurfit Corp.*, 961 F.2d 1384, 1385 (8th Cir. 1992). In this case, the plan is clear that beneficiaries must be designated by using the proper forms, and the forms must be received by and filed with Fidelity. The 2000 form designating Rose as the primary beneficiary was properly completed, received, and filed. In contrast, Fidelity explicitly informed Jim that "[a]fter review of your recently submitted [2002] beneficiary form, we have found the form to be incomplete and/or to require additional information." (Tataryn Aff. Ex. A at ATK 321.) A checklist attached to the rejection letter noted that the relationship field needed to be

completed and that whiteout was not an acceptable means of making corrections.[3] (*Id.* at ATK 322.) The Fidelity phone representative's oral contradiction or denial of the rejection does not have any impact on the fact that the 2002 form, as submitted, did not comply with the plan requirements.[4] *See United Paperworkers*, 961 F.2d at 1386 (rejecting argument that written terms of welfare benefit plan were modified by oral collective bargaining agreement); *Schmidt v. Sheet Metal Workers' Nat. Pension Fund*, 128 F.3d 541, 546 (7th Cir. 1997) (refusing to apply estoppel principles to give effect to oral representations that contradict written plan term requiring written notification of beneficiary change); *see also Prudential Ins. Co. of Am. v. Schmid*, 337 F. Supp. 2d 325 (D. Mass. 2004) (rejecting argument that oral representation of desired beneficiary coupled with erroneous oral representation that beneficiary had been changed were sufficient where plan required written notification of change).

## III. Substantial Compliance

Nevertheless, the 2002 form may be effective if found to be in substantial compliance with the plan requirements. *Harpole v. Entergy Ark., Inc.*, 197 F. Supp. 2d 1152, 1158-59 (E.D. Ark. 2002). It is very likely that ERISA preempts state law doctrines of substantial compliance, requiring the Court to turn to a federal common law

---

[3] The Court notes that the whiteout rule is not merely an administrative formality. Rather, it legitimately ensures that persons other than the plan member do not make alterations to the form.

[4] Arguably, the 2002 form also was not received or filed. Irwin argues that recording the attempted submission of an incomplete form does not amount to receiving or filing. Tracy argues that Fidelity could not have recorded the attempted submission if they had not received the form and that the recording constitutes filing.

of substantial compliance.[5] *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 565-66 (7th Cir. 2002) (discussing ERISA preemption of state doctrine of substantial compliance). The Fourth Circuit's test for substantial compliance, developed in *Phoenix Mutual Life Insurance Company v. Adams*, 30 F.3d 554, 559 (4th Cir. 1994), has been adopted by a number of courts.[6] *See Metro. Life Ins.*, 297 F.3d at 565-66. *Phoenix Mutual* provides that a person substantially complies with the applicable rules by (1) evidencing his intent to make a change of beneficiary and (2) attempting to effectuate that change by undertaking positive action. 30 F.3d at 564.

A recent case from the District of Massachusetts, *Prudential Insurance Company of America v. Schmid*, 337 F. Supp. 2d 325 (D. Mass. 2004), involved facts very similar to the instant matter. The District of Massachusetts analyzed the case under *Phoenix Mutual*. In *Schmid*, the decedent called the plan to ask who was currently listed as his beneficiary and to request a change of beneficiary form. In the correspondence including the change of beneficiary form, the plan erroneously identified the decedent's second wife, rather than his daughter from his first marriage, as the listed beneficiary. The decedent died without completing the change of beneficiary form. The court in *Schmid* determined that this series of events arguably established the requisite intent to make a change of beneficiary, but were, as a matter of law, insufficient to accomplish a change of

---

[5] Whether federal common law preempts state law in this area is not material to this case as the Minnesota test is quite similar to the *Phoenix Mutual* test. *See Brown v. Agin*, 109 N.W.2d 147, 151 (Minn. 1961) (requiring (1) intent to change the beneficiary and (2) that the insured took affirmative action or otherwise did all possible to show that intention).

[6] The Sixth Circuit applies an arguably slightly stricter test. *Life Ins. Co. of North Am. v. Leeson*, 81 Fed. Appx. 521 (6th Cir. 2003) (requiring participant, under the second prong, to have done everything possible to make the change). As the Court finds no substantial compliance under *Phoenix Mutual*, it need not decide whether application of *Leeson* would be more appropriate.

beneficiary. *Id.* at 330-31 (citing *Am. Int'l Life Assurance Co. of N.Y. v.* Vazquez, 2003 WL 548738 (S.D.N.Y. 2003) and *Aetna Life Ins. Co. v. Weatherford*, 924 F.2d 1057 (6th Cir. 1991).

Like the decedent in *Schmid*, Jim was erroneously informed of the identity of his beneficiary, but was also provided explicit instructions for properly completing the beneficiary change form. He failed to do so. The Court finds, as a matter of law, that Jim's actions do not constitute a positive attempt to effectuate a change of beneficiary. Accordingly, the 2002 form naming Tracy the beneficiary did not substantially comply.

As Jim's 2002 attempt to change his beneficiary neither actually nor substantially complied with the rules, the Court must deny Tracy's motion for summary judgment and grant Irwin Bank & Trust's motion for summary judgment.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Tracy Marks' motion for summary judgment [Docket No. 37] is **DENIED**.

2. Defendant Irwin Bank & Trust's motions for summary judgment [Docket Nos. 42 and 43] are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 25, 2005                              s/John R. Tunheim
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                     United States District Judge