## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLIANT TECHSYSTEMS, INC., | Civil No. 04-3539 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS FOR ATTORNEY FEES** |
| TRACY C. MARKS and IRWIN BANK & TRUST, | |
| Defendants. | |

Anthony R. Battles, **KELLY HANNAFORD & BATTLES P.A.**, 222 South Ninth Street, Suite 3900, Minneapolis, MN 55402, for plaintiff.

Denise Y. Tataryn, **MANSFIELD, TANICK & COHEN, P.A.**, 1700 U.S. Bank Plaza South, 220 South Sixth Street, Minneapolis, MN 55402, for defendant Tracy Marks.

Katherine L. MacKinnon, **LAW OFFICE**, 3744 Huntington Avenue, St. Louis Park, MN 55416, for defendant Irwin Bank & Trust.

Plaintiff Alliant Techsystems, Inc. ("ATK") filed this interpleader action against two defendants with competing claims to the proceeds of a 401(k) plan. On August 25, 2005, the Court entered judgment in favor of defendant Irwin Bank & Trust's ("Irwin Bank"). This matter is now before the Court on ATK's and Irwin Bank's motions for attorney fees pursuant to 29 U.S.C. § 1132(g)(1). For the reasons set forth below, the Court denies both motions.

## BACKGROUND

Lester James Marier, Jr. ("Jim") was a participant in a 401(k) plan sponsored by ATK.  ATK designated Fidelity Management Trust Company ("Fidelity") to be the trustee of the plan assets and perform record-keeping and administrative services for the plan.  Jim's mother, Rose, whose estate is now administered by Irwin Bank, was listed as the primary beneficiary on a designation form dated December 2000.  In September 2002, Jim submitted a new designation form, listing Tracy C. Marks ("Tracy"), the adult daughter of his former wife, as the only beneficiary.  However, due to certain irregularities with the form, Fidelity marked the form "Not In Good Order" and returned it to Jim with instructions to submit a new form, which Jim never did.  In December 2002, Jim called Fidelity to confirm his designation and was informed that Tracy was the only beneficiary.

After Jim's death in September 2003, Fidelity notified Rose that she was the beneficiary of the 401(k) plan.  Marks then made a claim, and Fidelity determined that Marks was the proper beneficiary.  Irwin Bank, as the guardian of Rose's estate, appealed this decision through the administrative process.  ATK then filed this interpleader action to determine the proper beneficiary.

## ANALYSIS

The parties seek attorney fees pursuant to 29 U.S.C. § 1132(g)(1), which states: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  The Eighth Circuit has identified five non-exclusive factors to consider in

awarding attorney fees under ERISA: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions. *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984). These factors are not to be mechanically applied, however, and there is no presumptive entitlement to fees in favor of the prevailing party. *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 971-72 (8th Cir. 2002).

### A. ATK's Motion

ATK seeks an award of fees from the funds in Jim's 401(k) account. ATK argues that it should be entitled to fees because it brought the interpleader action in good faith to obtain an early determination of the proper beneficiary, and otherwise it would have been forced to assume the risk of a multiplicity of suits. ATK cites authority for the proposition that a disinterested party should not have to bear the burden of litigation over whether its choice of payee was correct. *See, e.g., Sebora v. Metropolitan Life Ins. Co.*, 2002 WL 32341922, at *1 (W.D. Wis. Aug. 21, 2002).

ATK notes that a fee award could deter other plan participants from improperly completing their beneficiary designations. The plan participant was not a party to this action, however, and the confusion surrounding his choice of beneficiary, while regrettable, can hardly be put down to such a degree of carelessness as would justify an

award of fees against his beneficiary.  Furthermore, the Court is without a doubt that, if the possibility of litigation itself is insufficient to encourage current plan participants to exercise particular care, the further possibility of fee shifting could not do so.  Instead, the only deterrent effect that a fee award to ATK could have in this case would be to discourage proper beneficiaries from seeking to enforce their rights, while encouraging plan administrators to forego the administrative process.  Such a result is not consistent with the fee-shifting provision of ERISA.  *See First Trust Corp. v. Bryant*, 410 F.3d 842, 854 (6th Cir. 2005) (declining to award fees to an interpleader plaintiff because "[t]here cannot possibly be any deterrent effect in awarding a fee against Kay, since Kay *did nothing wrong*.") (emphasis in original). Here, similarly, Irwin Bank acted in good faith throughout this entire case.

While the Court agrees that ATK has also conducted itself in good faith with respect to this suit, its actions regarding the administration of the 401(k) plan were certainly not faultless and contributed to any risk of a multiplicity of suits.  In that regard, ATK cannot be considered a completely disinterested party.  Moreover, ATK refused to exert its discretionary authority to make a final determination in this case and instead instituted this action.  Had it made a final determination, its decision would have been reviewed under an abuse of discretion standard, which would have made it much more difficult for the losing claimant to prevail in court and might have deterred litigation.  At a minimum, as Irwin Bank points out, a final determination may have spared the defendants the need to litigate the issue of the proper standard of review.  The Court therefore denies ATK's motion for attorney fees and costs.

### B. Irwin Bank's Motion

Irwin Bank seeks an award of fees against ATK. Irwin Bank's strongest argument for a fee award is that Fidelity's erroneous communication to Jim that Tracy was his beneficiary gave Tracy a colorable claim to the money and thus created the need for multiple administrative procedures (fees for which are not recoverable) and this litigation. Irwin Bank also points out that Fidelity failed to conduct any investigation into Jim's possible incompetence regarding the September 2002 beneficiary designation, and makes much of the fact that during the administrative proceedings, ATK mistakenly provided the 2003 version of the 401(k) plan for its attorneys' review, rather than the governing (1996) version. As such, Irwin Bank portrays ATK and Fidelity as making a series of sloppy blunders that they would be deterred from committing in the future if Irwin Bank were awarded attorney fees.

While ATK's actions were not perfect, the Court finds that ATK did not conduct itself in bad faith. Irwin Bank points to *White v. Martin*, 290 F. Supp. 2d 986 (D. Minn. 2003), to argue that negligence is enough to support an award of fees, but that case involved a breach of fiduciary duties; there has been no such finding in this case. The fact that ATK initially provided the wrong plan document is a relatively minor issue, and not something that resulted in an unreasonable multiplication of attorney fees. While it is true that the erroneous information given to Jim may have strengthened Tracy's case, Tracy had an argument that she was entitled to the funds based on the September 2002 designation form, even without the oral communication. Thus, while ATK might have deterred litigation by following its administrative procedures, it still faced a risk of litigation.

Fidelity's failure to follow up on the information it received about Jim's mental state is troubling, and it could be argued that an award of fees against ATK might deter such conduct in the future. Also, ATK is a multi-billion dollar company that could easily afford to pay the attorney fees. This case was not particularly complex or novel, however, and its resolution did not involve significant legal questions regarding ERISA. It involved only two competing claimants, the factual background was relatively straightforward, and the issues were not especially difficult or multitudinous.

The Court's consideration of the *Westerhaus* factors ultimately leads it to conclude that it is best for the parties to bear their own fees and costs in this matter. In so concluding, the Court relies especially on its finding of ATK's good faith conduct in the litigation and the comparatively minor legal and factual complexity of the issues in this case. Irwin Bank's motion for attorney fees is therefore denied.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alliant Techsystems, Inc.'s motion for attorney fees [Docket No. 62] is **DENIED**; and

2. Defendant Irwin Bank & Trust's motion for attorney fees [Docket No. 66] is **DENIED**.

DATED: November 29, 2005            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                     United States District Judge