UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLIANT TECHSYSTEMS, INC., as Sponsor and Administrator of the Alliant Techsystems Inc. 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>TRACY C. MARKS and IRWIN BANK AND TRUST, as Guardian of the Estate of Rose A. Marier,<br><br>Defendants. | Civil No. 04-3539 (JRT/FLN)<br><br><br><br><br>**ORDER DENYING DEFENDANT MARKS' MOTION FOR ATTORNEY'S FEES** |

Anthony R. Battles, **KELLY HANNAFORD & BATTLES PA**, 706 Second Avenue South, Suite 900, Minneapolis, MN 55402, for plaintiff.

Marshall H. Tanick, Jean B. Roth, and Denise Y. Tataryn, **MANSFIELD TANICK & COHEN, PA**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402-4511, for defendant Tracy Marks.

Katherine L. MacKinnon, **MACKINNON LAW OFFICE**, 3744 Huntington Avenue, St. Louis Park, MN, 55416-4918, for defendant Irwin Bank and Trust.

Plaintiff Alliant Techsystems, Inc. ("ATK") filed an interpleader action in 2004 against defendants Tracy Marks ("Tracy") and Irwin Bank and Trust ("Irwin Bank") after defendants made competing claims to a 401(k) account administered by ATK. This Court granted Irwin Bank's motion for summary judgment, and Tracy appealed. The Eighth Circuit reversed, and on remand the Court entered judgment in favor of Tracy.

This case is now before the Court on Tracy's motion for attorney's fees. For the reasons given below, the Court denies the motion.

## BACKGROUND[1]

ATK maintained a 401(k) account on behalf of Lester James Marier, Jr. ("Jim"). In 2000, Jim designated his mother, Rose Marier ("Rose"), as the primary beneficiary of his 401(k) account. On September 21, 2002, Jim submitted a revised beneficiary designation form for his 401(k) account, naming Tracy – the adult daughter of his former wife – as the only beneficiary. However, Jim failed to complete the portion of the form describing Tracy's relationship to Jim. Instead, that portion of the form contained whiteout, and the form listed no secondary beneficiary.

On October 23, 2002, the 401(k) Plan service center, Fidelity Management Trust Company ("Fidelity"), marked the beneficiary designation form "Not In Good Order," and instructed Jim to submit a revised form describing Tracy's relationship to him. Jim never submitted a revised form.

Following Jim's death in September 2003, Fidelity notified Rose that she was the beneficiary of the 401(k) account. Tracy submitted a competing claim to the proceeds of Jim's 401(k) account. ATK's Administrative Committee issued an "initial determination," finding that Tracy was in fact the proper beneficiary of the 401(k) account. Irwin Bank, as the guardian of Rose's estate, appealed the decision through the

---

[1] The background is recited here only to the extent necessary to resolve Tracy's motion. A full recitation of the facts is contained in the Court's Memorandum Opinion and Order dated March 31, 2008. *See Alliant Techsystems, Inc. v. Marks*, No. 04-3539, 2008 WL 906255, at *1-3 (D. Minn. Mar. 31, 2008).

administrative process, arguing in part that Jim's decision to change the beneficiary form in September 2002 was the product of mental incompetence or, in the alternative, undue influence.  Anticipating the likelihood of litigation, ATK elected to file this interpleader action on August 4, 2004, rather than rule on Irwin Bank's administrative appeal.  Tracy and Irwin Bank then filed cross-motions for summary judgment.  Irwin Bank argued that ATK's decision was improper because the change of beneficiary form submitted by Jim in September 2002 did not comply with the terms of the 401(k) plan.  Alternatively, Irwin Bank argued that the change of beneficiary was invalid because it was the product of undue influence and mental incompetence.

On August 25, 2005, this Court granted Irwin Bank's motion for summary judgment.  The Court applied a *de novo* standard of review to ATK's administrative decision and found that Jim's September 2002 change of beneficiary form did not comply with the terms of the 401(k) plan.  The Court therefore determined that the September 2002 change of beneficiary form was invalid, and concluded that Rose was the proper beneficiary of the 401(k) account pursuant to Jim's prior beneficiary designation in 2000.

After the Court entered judgment in favor of Irwin Bank, both ATK and Irwin Bank submitted motions for attorney's fees under 29 U.S.C. § 1132(g)(1).  ATK sought an award of fees from both Irwin Bank and Tracy, while Irwin Bank sought fees only from ATK.  This Court denied both motions, applying the five-factor test under *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984).  In denying the motions, the Court found that both ATK and Irwin Bank had acted in good faith throughout the interpleader proceedings.

Tracy also appealed the Court's order granting summary judgment in favor of Irwin Bank. The Eighth Circuit reversed. *Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 868 (8th Cir. 2006). Addressing an issue of first impression in the Eighth Circuit, the court held that the appropriate standard of review where an ERISA plan administrator makes an initial determination of competing claims, but later elects to file an interpleader action rather than rule on an appeal, is the abuse of discretion standard. *Id.* at 870. The court went on to conclude that ATK's determination that Tracy was the proper beneficiary was not an abuse of discretion. The Eighth Circuit therefore remanded the action to this Court for a factual determination on the remaining issues of mental incompetence and undue influence, stating that the 401(k) account should be awarded to Tracy unless the Court finds that Jim's September 2002 change of beneficiary was the product of mental incompetence or undue influence. *Id.* at 873.

On remand, Tracy and Irwin Bank filed renewed cross-motions for summary judgment. In a Memorandum Opinion and Order dated March 31, 2008, this Court found that there was insufficient evidence showing that Jim was incompetent to make the change in beneficiary in September 2002, or that Jim's change of beneficiary was the product of undue influence. The Court therefore concluded that Tracy was the proper beneficiary of the 401(k) account, and directed ATK to transfer all ownership and control of Jim's 401(k) account to Tracy. Tracy subsequently filed this motion for attorney's fees.

# ANALYSIS

## I.  ATTORNEY'S FEES UNDER ERISA

Tracy seeks an award of fees and costs from both ATK and Irwin Bank.  In an ERISA action filed by a "participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  The Eighth Circuit has directed district courts to consider five factors in exercising this discretion:  (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.  *Westerhaus*, 749 F.2d at 495-96.  These five factors constitute general guidelines and "are by no means exclusive or to be mechanically applied."  *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002).

## II.  TRACY'S MOTION AGAINST ATK

In support of its argument against ATK, Tracy argues principally that ATK is "culpable" because it initially misinformed Irwin Bank that it was the proper recipient of the 401(k) proceeds, and that ATK breached its fiduciary duty by filing this interpleader action rather than resolving the questions posed in Tracy's administrative appeal.  Tracy further contends that an award of fees will effectively deter similar instances of carelessness by 401(k) plan administrators.  However, in denying Irwin Bank's

previously filed motion for attorney's fees against ATK, this Court specifically found that ATK acted in good faith both in its decision to file the interpleader action and in its conduct throughout this case. Nothing has occurred in these proceedings since the Eighth Circuit's remand that would cast doubt on that determination. Nor is the Court persuaded that ATK's initial determination that Irwin Bank was the proper beneficiary was so culpable as to support an award of attorney's fees. Indeed, this Court's initial grant of summary judgment in favor of Irwin Bank – applying a *de novo* standard of review – demonstrates that the proper identity of the beneficiary under Jim's 401(k) plan presented a close issue. As such, the Court rejects Tracy's argument that ATK's decision to file an interpleader action, rather than resolve Tracy's administrative appeal, constituted a breach of fiduciary duty. *See Forcier ex rel. Forcier v. Forcier*, 406 F. Supp. 2d 132, 141-42 (D. Mass 2005) (finding that an ERISA-plan administrator has no duty to require exhaustion of administrative remedies); *see also United States v. Trust Co. of New York v. Alpert*, 10 F. Supp. 2d 290, 306-07 (S.D.N.Y. 1998) (finding no breach of fiduciary duty in non-ERISA case where trustees of an investment trust invoked interpleader rather than resolve disputed claims).

Further, while ATK has the ability to pay attorney's fees and costs in this matter, the Court is not persuaded that awarding attorney's fees to Tracy will have a salutary deterrent effect with respect to plan administrators. Here, ATK properly invoked the interpleader action, allowing it to protect the 401(k) plan from paying out a substantial sum to the wrong claimant and to minimize costs "where litigation between the competing claimants seemed inevitable and the new issues [Irwin Bank] raised were

outside [ATK]'s area of expertise." *Marks*, 465 F.3d at 869 (noting that ATK's decision to file the interpleader action was reasonable).  Because ATK's failure to file an interpleader in this case may actually have prolonged this litigation and imposed additional costs on all parties, an award of fees to Tracy for purposes of deterrence would be inappropriate.  *See First Trust Corp. v. Bryant*, 410 F.3d 842, 854 (6th Cir. 2005).

For these reasons, the Court concludes that application of the *Westerhaus* factors does not support an award of attorney's fees and costs against ATK.

### III.   TRACY'S MOTION AGAINST IRWIN BANK

Tracy also seeks an award of fees and costs against Irwin Bank.  Tracy relies primarily on the argument that Irwin Bank, on behalf of Rose, acted in bad faith in claiming benefits to Jim's 401(k) account because it knew that Rose was not the designated beneficiary and pursued its claim to exploit the personal animosity between Rose's daughters and Tracy.  In denying ATK's previously filed motion for fees against Irwin Bank, however, this Court specifically found that Irwin Bank acted in good faith throughout the proceedings.  Tracy has failed to point to any new evidence suggesting that Irwin Bank's decision to proceed with an administrative appeal was influenced by anything other than its fiduciary obligations as guardian of Rose's estate.  For these reasons, the Court finds no bad faith or culpability on the part of Irwin Bank that would justify an award of fees.

Nor do the remaining factors under *Westerhaus* support an award of attorney's fees against Irwin Bank.  With respect to deterrence, the Court finds that an award of attorney's fees would be inconsistent with the ERISA fee-shifting statute because it

would deter fiduciaries from carrying out their fiduciary obligations in making benefits claims.  *See Salovaara v. Eckert*, 222 F.3d 19, 31 (2d Cir. 2000) (finding that the deterrence factor weighs strongly *against* granting attorney's fees where party is a fiduciary and has pursued "a colorable (albeit unsuccessful) claim").  Rose's ability to pay also weighs strongly against an award of fees.  Irwin Bank has submitted evidence demonstrating a precipitous decline in Rose's financial status over the past four years.  As a result of her advanced age and declining health, Rose receives around-the-clock nursing care, which has depleted Rose's assets from over $1 million in 2004 to just over $400,000 in May 2008.  Finally, the Court notes that the relative merits of the parties' positions were not so one-sided as to weigh in favor of an award of attorney's fees.

In sum, the Court concludes that an award of attorney's fees and costs in favor of Tracy and against Irwin Bank is not supported by application of the *Westerhaus* factors.  Accordingly, the Court denies Tracy's motion for attorney's fees.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Tracy C. Marks's Motion for Attorney Fees [Docket No. 107] is **DENIED**.

DATED: September 4, 2008
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_
JOHN R. TUNHEIM
United States District Judge